<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYJON FLETCHER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 11-4214 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS et al., | : | |
| | : | |
| Defendants. | : | |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on two motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56: 1) the motion by Defendant Tracy Johnson ("Johnson"); and 2) the motion[1] by Defendants New Jersey Department of Corrections ("NJDOC"), New Jersey Northern State Prison ("NSP"), Commissioner George W. Hayman ("Hayman"), Officer Shunay Howerton ("Howerton"), and Officer Sherell Peterson ("Peterson") (collectively, the "State Defendants.") For the reasons that follow, Johnson's motion will be denied in its entirety, while the State Defendants' motion will be granted in its entirety.

<u>BACKGROUND</u>

The case arises from the beating of Plaintiff while he was a prisoner at New Jersey Northern State Prison. There is no dispute that Plaintiff was beaten by prison personnel; the big

---

[1] The motion by the State Defendants also seeks judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c).

question, however, is who beat Plaintiff. Plaintiff filed an Amended Complaint in the Superior Court of New Jersey, since removed to this Court, which asserted five claims: 1) assault and battery; 2) negligent supervision; 3) negligent hiring; 4) violation of civil rights protected by the First, Fifth, Eighth, and Fourteenth Amendments, pursuant to 42 U.S.C. §§ 1983, 1985, and 1988; and 5) tortious injury pursuant to New Jersey's Tort Claims Act ("NJTCA").

## ANALYSIS

### I.    Summary Judgment Legal Standard

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith

respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**II.     Defendants' motions for summary judgment**

Both Johnson and the State Defendants have moved for judgment on all claims in the Amended Complaint. Although the Amended Complaint does not make crystal clear which claims are brought against which Defendants, Plaintiff's opposition brief states the target of each claim as follows: 1) Johnson, Howerton, and Peterson; 2) all Defendants; 3) NJDOC, NSP, and Hayman; 4) all Defendants; and 5) NJDOC, NSP, Hayman, and Johnson. (Pl.'s Opp. Br. 1.) Plaintiff's opposition brief abandons Count Three, for negligent hiring, against all Defendants, as well as Count Four, for civil rights violations, against NJDOC and NSP. (Pl.'s Opp. Br. 20.) In addition, Plaintiff concedes that he has no Count Four § 1985 claims against Defendants Howerton, Peterson, and Hayman. (Id.)

Because Plaintiff bears the burden of proof at trial on all claims in the Amended Complaint, Defendants' initial summary judgment burden is satisfied by pointing to the absence of evidence to support Plaintiff's case. The summary judgment burden then shifts to Plaintiff to create a genuine issue of material fact by pointing to "sufficient evidence to allow a jury to find in [his] favor at trial." Gleason, 243 F.3d at 138.

   A.     Count One: Assault and Battery

Defendants point to an absence of evidence to support a claim against Johnson, Howerton, and Peterson for assault and battery. The burden then shifts to Plaintiff. Plaintiff points to his prior testimony that Johnson was present in the room throughout the entire beating, that Johnson was the only Sergeant in that room, and that Plaintiff saw that he was kicked by a leg which had pants with the stripes of a Sergeant on it. (Pl.'s Resp. 56.1 Stmt. ¶¶ 14, 18, 20.) Making every reasonable inference in favor of Plaintiff, this easily suffices to raise a factual

dispute over Johnson's participation in the beating. As to Defendant Johnson on Count One, the motion for summary judgment will be denied.[2]

As to Defendants Howerton and Peterson, Plaintiff's opposition brief does not dispute that they did not participate in the battery.[3] Plaintiff argues that, however, a reasonable jury could find that Howerton and Peterson participated in an assault. As Plaintiff states, the New Jersey Supreme Court has recognized the following standard for the tort of assault:

> A person is subject to liability for the common law tort of assault if: (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension.

Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 591 (2009). Plaintiff has submitted a declaration in which he states: "It appeared to me that when Howerton and Peterson left the area

---

[2] Although Defendant Johnson has moved for summary judgment on all claims in the Amended Complaint, he makes only one argument, that there is no evidence that he personally participated in the beating. Because this Court has concluded that Plaintiff has pointed to evidence which defeats that point, his motion will therefore be denied in its entirety. Nonetheless, to the extent that Plaintiff's opposition brief abandons claims against Johnson, such claims do not survive this decision.

[3] The State Defendants' L. Civ. R. 56.1 Statement states that Peterson and Howerton were ordered to leave Plaintiff in the room where the beating occurred, and that they did so prior to the beginning of the beating. (State Defs.' 56.1 Stmt. ¶ 21.) In response to this factual assertion, Plaintiff's responsive L. Civ. R. 56.1 Statement disagrees, but the only evidence it points to is Plaintiff's initial deposition testimony that he was not sure whether he saw Howerton leave the room. (Fletcher Dep. 60:13.) This would not, under any circumstances, be sufficient to persuade a reasonable jury that Howerton was present during the beating. During the deposition, Defendants' counsel showed Plaintiff a transcript of his prior testimony and asked if this refreshed his recollection; he said it did, and agreed that he did see Howerton and Peterson leave the room before the beating started. (Fletcher Dep. 62:15-63:5.) Furthermore, Plaintiff submitted a declaration stating that Howerton and Peterson left the room before the beating began. (Pl.'s 2/24/12 Dec. ¶ 4.) Given the evidence of record, no reasonable jury could find that Howerton and Peterson were present in the room during the beating, and Plaintiff's single deposition statement that he was unsure does not suffice to raise a factual dispute.

that they knew what was about to happen to me based upon the other officers present." (Fletcher 2/24/12 Dec. ¶ 4.)  The parties dispute whether this constitutes a sham affidavit, within the meaning of Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007).  This Court need not reach this dispute.  This statement does not constitute sufficient evidence to convince a jury that Howerton and Peterson possessed the necessary *mens rea* to cause either a harmful contact or an imminent apprehension of such a contact.[4]  This statement is entirely conclusory speculation, built upon faulty logic, and lacking in evidentiary foundation: a trier of fact has no

---

[4] The standard set forth in Leang is quite similar to that stated in the Restatement of Torts:

§ 32 Character of Intent Necessary

(1)   To make the actor liable for an assault, the actor must have intended to inflict a harmful or offensive contact upon the other or to have put the other in apprehension of such contact.

Restatement 2d of Torts § 32 (1965).  The Restatement defines "intent" as follows:

The word "intent" is used throughout the Restatement of this Subject to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.

Restatement 2d of Torts § 8A (1965).  Applying this definition of intent, Fletcher's declaration statement does not constitute evidence that Howerton and Peterson desired that Plaintiff be beaten; no inferences can be made about what, if anything, they desired.  Nor could any reasonable jury conclude from this statement that Howerton and Peterson believed that a beating was substantially certain to have resulted from their bringing Plaintiff to the room in which he was beaten.  Plaintiff implies that Howerton and Peterson must have known that he was about to be beaten based on their recognition of the other officers present in the room.  There is no basis for this.  Plaintiff concedes that the only officer he could identify in the room was Sergeant Johnson.  Because he has conceded that he could not identify anyone else in the room, he has no basis to speculate about what Howerton and Peterson might have inferred based upon their recognition of unknown persons – and there is no basis to infer that Howerton and Peterson did recognize the other officers in the room.  Thus, Plaintiff is left contending that Howerton and Peterson would have recognized Sergeant Johnson and that, on that basis alone, they would have inferred that Plaintiff was substantially certain to be beaten.  Plaintiff has offered no evidence that would support such an inference.

new information after hearing that statement (other than hearing the witness make a purely speculative inference with no foundation).  It would be inadmissible under Federal Rule of Evidence 403 as far more prejudicial and misleading than probative.  Plaintiff has offered no admissible evidence that Howerton and Peterson participated in the common law tort of assault under New Jersey law.  Plaintiff has failed to submit evidence which raises any factual dispute about the involvement of Howerton and Peterson in an assault on him.  As to Defendants Howerton and Peterson on Count One, the motion for summary judgment will be granted.

      B.      Count Two: Negligent Supervision

Defendants argue that Plaintiff cannot prove negligent supervision by any Defendant, and the burden shifts to Plaintiff.  In response, Plaintiff's opposition brief offers two general and vague paragraphs.  The only point that Plaintiff makes in these paragraphs is that the prison lacks a working video surveillance system.  Plaintiff cites to no evidence in support of this factual assertion, and his L. Civ. R. 56.1 Statement makes no assertions about video systems or supervision.  Plaintiff has offered no evidence to support Count Two, and, as to the claim for negligent supervision, the State Defendants' motion for summary judgment will be granted.

      C.      Count Four: Civil Rights Violations

As already stated, Plaintiff has abandoned any civil rights claims against NJDOC and NSP, leaving only the individual Defendants. The State Defendants first argue that all § 1983 claims against the State Defendants in their official capacities are barred by the Eleventh Amendment, which is clearly true.  The Supreme Court has held that, absent the State's consent to suit, the Eleventh Amendment bars actions for damages in federal court against state officials in their official capacities.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  This

does not affect the § 1983 claim against Defendants Johnson, Howerton, and Peterson in their personal capacities (the Amended Complaint does not raise any claims against Defendant Hayman is his personal capacity).

The State Defendants next argue that the claims for violations of §§ 1985(2) and (3) must fail because the statutory language clearly has no application to this case. This appears to be correct, inasmuch as § 1985(2) deals with intimidating parties, witnesses, or jurors, and § 1985(3) deals with conspiracy. Plaintiff does not counter this argument, but concedes it as to the individual Defendants except for Johnson.

The State Defendants next argue that there can be no federal constitutional claims against Howerton and Peterson because they had no personal involvement in the beating. In response, Plaintiff agrees that proof of personal involvement is required, but argues that he has such evidence. As discussed above, however, this Court finds that Plaintiff does not have any evidence that Howerton and Peterson were personally involved, and so the federal constitutional claims against them must fail.

Count Four of the Amended Complaint also makes passing reference to the action being brought pursuant to 42 U.S.C. § 1988, but the State Defendants do not address this in their motion. It appears that this relates to the possibility of collecting attorney's fees under § 1988(b). See Venegas v. Mitchell, 495 U.S. 82, 83 (1990) ("Under 42 U.S.C. § 1988 (1982 ed.), a court may award a reasonable attorney's fee to the prevailing party in civil rights cases.") In view of the fact that this Court is granting the State Defendants' motion for summary judgment on all other claims in the Amended Complaint, and that therefore, as to the State Defendants, Plaintiff cannot be a prevailing party in this litigation, this Court exercises its power under Federal Rule of

Civil Procedure 56(f)(3) and grants summary judgment on the Count Four § 1988 claim.

In sum, as to Count Four and the State Defendants, the motion for summary judgment will be granted. Only the Count Four claims against Johnson survive this decision.

D.  Count Five: NJTCA

To recover for injuries under the NJCTA, Plaintiff must be able to prove liability for injury. N.J. Stat. Ann. § 59:3-1(a). As to the State Defendants, no claim for injury has survived this decision. This Court therefore need not reach the parties' disputes regarding Count Five. In the absence of any viable claim for injury, there can be no recovery under the NJCTA. As to Count Five, the State Defendants' motion for summary judgment is granted.

In conclusion, only the claims against Defendant Johnson have survived these motions. Defendant Johnson's motion for summary judgment is denied in its entirety. The State Defendants' motion for summary judgment is granted in its entirety.

## CONCLUSION

For the reasons stated above, the State Defendants have demonstrated, pursuant to Federal Rule of Civil Procedure 56, that there are no genuine issues of material fact and that the evidence establishes that they are entitled to judgment as a matter of law. The State Defendants' motion for summary judgment is granted in its entirety. As to the State Defendants only, Judgment on the Amended Complaint in its entirety will be entered in Defendants' favor. As to Defendant Johnson, the motion for summary judgment is denied.

      /s Stanley R. Chesler
      STANLEY R. CHESLER, U.S.D.J.

Dated: April 9, 2012